UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**VANESSA JOY STEPHENSON,**

       **Plaintiff,**

v.                                                                                                         Case No: 6:21-cv-1536-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

_____

**MEMORANDUM OF DECISION**

**THIS CAUSE** is before the Court on Claimant's appeal of an administrative decision denying his application for period of disability, disability insurance benefits, and supplemental security income.  R. 15.  In a decision dated February 26, 2021, the Administrative Law Judge (ALJ) found that Claimant had not been under a disability, as defined in the Social Security Act, from October 12, 2016, through the date of the decision.  R. 24.  Having considered the parties' memoranda and being otherwise fully advised, the Court concludes, for the reasons set forth herein, that the Commissioner's decision is due to be **REVERSED** and **REMANDED**.

**I.**     **Issues on Appeal**

Claimant raises the following arguments on appeal:

1) The ALJ did not properly evaluate Dr. Atkin's medical opinion.  *See* Doc. 20 at 17.

2) The ALJ did not properly account for Claimant's migraine headaches in the RFC assessment.  *See* Doc. 20 at 29.

**II.**     **Standard of Review**

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

### III.     Discussion

Here, Claimant argues that the ALJ failed to adequately consider Dr. Atkin's medical opinion. The Court agrees—thus, there is no need here to address Claimant's remaining argument. *See McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (finding no need to analyze other issues when case must be reversed due to other dispositive errors).

At step four of the sequential evaluation process, the ALJ assesses the claimant's residual functional capacity (RFC) and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. "The residual functional capacity is an assessment, based upon all of the relevant evidence of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. §§ 404.1546(c); 416.946(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of the treating, examining, and non-examining medical sources. 20 C.F.R. §§ 404.1545(a)(1), (3); 416.945(a)(1), (3); *see also Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).[1] The consideration of medical source opinions is an integral part of steps four and five of the sequential evaluation process.

---

[1] Here, in assessing the Claimant's RFC, the ALJ stated:

The Social Security Administration revised its regulations regarding the consideration of medical evidence—with those revisions applicable to all claims filed after March 27, 2017. *See* 82 FR 5844-01, 2017 WL 168819 (Jan. 18, 2017). Because Claimant filed his claim after March 22, 2017,[2] 20 C.F.R. § 404.150c and 20 C.F.R. § 416.920c are applicable in this case. Under these provisions, an ALJ must apply the same factors in the consideration of the opinions from all medical sources and administrative medial findings, rather than affording specific evidentiary weight to any particular provider's opinions. 20 C.F.R. §§ 404.1520c(a); 416.920c(a). The ALJ must consider: 1) supportability; 2) consistency; 3) relationship with the claimant;[3] 4) specialization; and 5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. §§ 404.1520c(c)(1)–(5); 416.920c(c)(1)–(5).

Supportability and consistency constitute the most important factors in any evaluation, and the ALJ must explain the consideration of those two factors. 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2). Supportability relates to the extent to which a medical source has articulated

---

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except able to stand/walk for 4 hours in an 8-hour workday. She can frequently climb stairs and ramps, but never ladders, ropes or scaffolds. She is occasionally able to perform all other postural activities. She can occasionally be exposed to extremes of temperature, noise, vibration, fumes, odors, dust and poor ventilation, but can never be exposed to hazards.

R. 19.

[2] Claimant filed her claims on August 21, 2019. R. 15.

[3] This factor combines consideration of the following issues: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extend of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)–(v); 416.920c(c)(3)(i)–(v).

support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record.[4] In other words, the ALJ's analysis is directed to whether the medical source's opinion is supported by the source's own records and consistent with the other evidence of record—familiar concepts within the framework of social security litigation.

The ALJ may, but is not required to, explain how the ALJ considered the remaining three factors (relationship with claimant, specialization, and "other factors"). 20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2); *see also Freyhagen v. Comm'r of Soc. Sec. Admin.*, No. 3:18-CV-1108-J-MCR, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) ("The new regulations are not inconsistent with Eleventh Circuit precedent holding that 'the ALJ may reject any medical opinion if the evidence supports a contrary finding.'") (quoting *Wainwright v. Comm'r of Soc. Sec. Admin.*, 2007 WL 708971, *2 (11th Cir. Mar. 9, 2017) (per curiam) and citing *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (per curiam) (same)).

The ALJ stated the following with respect to Dr. Atkin's medical opinion:

> The claimant's physician submitted a residual functional analysis indicating the claimant was capable of a sedentary exertional level with limited walking due to a risk of falls and reported the claimant could only sit, stand or walk for four hours in an eight-hour workday (Exhibit 16F). This is not persuasive, as the record does not support such a limitation on sitting and the claimant does not have a record of falls.

R. 22.

---

[4] The regulations provide, in relevant part, that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s)," and "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(1)–(2); 416.920c(c)(1)–(2).

The Court is unable to conclude whether the ALJ considered both the supportability and consistency of Dr. Atkin's medical opinion. An ALJ must consider the supportability and consistency of the medical opinions of record, 20 CFR § 404.1520c(b)(2), and the failure to do so is error. *See Bailey v. Comm'r of Soc. Sec.*, 802 F. App'x 462, 465 (11th Cir. 2020). While an ALJ is not required to use any "magic words" when considering supportability and consistency, *Mercado v. Comm'r of Soc. Sec.*, 2023 WL 145154, at *5 (M.D. Fla. Jan. 10, 2023), an ALJ must provide more than conclusory references to the record, *see Pierson v. Comm'r of Soc. Sec.*, 2020 WL 1957597, at *4 (M.D. Fla. Apr. 8, 2020) ("[C]onclusory statements by the ALJ that an examining physician's opinion is inconsistent with the medical record are insufficient to show an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion.") (citation and quotation marks omitted), *report and recommendation adopted by* 2020 WL 1955341. Similarly, while an ALJ may not have to repeat the same analysis throughout the decision, an ALJ must still build an "accurate and logical bridge" between the evidence and the ALJ's conclusion. *Id.* (citation omitted). Here, the ALJ only provided two conclusory statements in support of her conclusion, that: 1) "the record does not support such a limitation on sitting;" and 2) Claimant "does not have a record of falls." R. 22. Vague references to "the record" fail to build an "accurate and logical bridge" between the evidence discussed and the ALJ's conclusion. *See Pierson*, 2020 WL 1957597, at *4 ("Even if the Court waded through the ALJ's entire discussion of the medical record in this case . . . the ALJ never discussed any such records in relation to [the] opinion."). So, the ALJ's first proffered statement is conclusory and therefore it is insufficient support for the ALJ's conclusion. Similarly, the Court is unable to determine whether the ALJ's finding that Claimant "does not have a record of falls" addresses the supportability or the consistency of Dr. Atkin's medical opinion. R. 22. In other words, the ALJ's

second proffered statement is also conclusory and therefore it is insufficient support for the ALJ's conclusion. In sum, the ALJ failed to adequately articulate her consideration of the required factors of supportability and consistency.[5]

Further, the Court cannot say that this error was harmless. As a panel of the Eleventh Circuit recently explained, "[w]e stress, however, that the ALJ must consider all the claimed expert, medical opinions in the record and must specify the weight—including no weight, if applicable—given to each purported medical opinion and the reasons therefor." *Bailey*, 802 F. App'x at 465 (11th Cir. 2020) (citations omitted). At the very least, Dr. Atkin's opinion is relevant to, and probative of, the resulting RFC. R. 19–22; *see Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Additionally, the potential impact of the limitations in these opinions on the resulting RFC is reasonably disputed by the parties. Doc. 20 at 19–20, 20–27. As such, the Court "cannot say that the failure to [properly consider this opinion] was harmless without re-weighing the evidence and engaging in conjecture that invades the province of the ALJ." *Nyberg v. Comm'r of Soc. Sec.*, 179 F. App'x 589, 592 (11th Cir. 2006); *see also, e.g., Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005) ("Because the ALJ's decision lacks consideration of these factors and their impact on his ultimate conclusion as to [Claimant's] RFC, we cannot even evaluate the Commissioner's contention that the ALJ's error was harmless.").

Accordingly, the Court finds that this matter is to be remanded for further proceedings. Since this issue is dispositive, the Court finds that there is no need to address Claimant's remaining

---

[5] The Commissioner's post-hoc justifications for the ALJ's failure to adequately consider the supportability and consistency of Dr. Atkin's opinion are unpersuasive. Doc. 20 at 22–27; *see Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868, 872 (11th Cir. 2012) ("We cannot affirm based on a post hoc rationale that might have supported the ALJ's conclusion.") (citing *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) and *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (quotation omitted)).

argument. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (finding that on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (finding no need to analyze other issues when case must be reversed due to other dispositive errors).

### IV. Conclusion

Accordingly, upon due consideration, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and against the Commissioner.

**ORDERED** in Orlando, Florida on March 1, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE